# EXHIBIT "A"

CASE#: 201610895   10/21/2016   AOPC COVER SHEET   Image: 1 of 1

COPY

## Supreme Court of Pennsylvania
### Court of Common Pleas
### Civil Cover Sheet

Luzerne _____ County

For Prothonotary Use Only:

Docket No: 2016 - 10895

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☐ Complaint   ☑ Writ of Summons   ☐ Petition   ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction   ☐ Declaration of Taking

Lead Plaintiff's Name: Kareliz Nin

Lead Defendant's Name: Luzerne County Children in Youth

☐ Check here if you are a Self-Represented (Pro Se) Litigant

Name of Plaintiff/Appellant's Attorney: Jonathan Comitz

Are money damages requested?: ☑ Yes   ☐ No

Dollar Amount Requested: (Check one)   ☐ within arbitration limits   ☑ outside arbitration limits

Is this a *Class Action Suit?*   ☐ Yes   ☑ No

**Nature of the Case:** Place an 'X' to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title

- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin

- ☑ Other: civil rights

FILED PROTHONOTARY LUZERNE COUNTY

Pa.R.C.P. 205.5

2/2010

CASE#: 201610895   10/21/2016   PRAECIPE FOR WRIT OF SUMMONS   Image: 1 of 3

**COMITZ LAW FIRM, LLC**

*Attorneys for Plaintiff*

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
(570) 829-1111 (phone)
(570) 829-1112 (fax)

| | |
|---|---|
| KARELIZ NIN<br>50 Orchard Street<br>Wilkes Barre, PA 18702 | : IN THE COURT OF COMMON<br>: PLEAS OF LUZERNE COUNTY<br>: |
|     Plaintiff | : |
| vs. | : |
| LUZERNE COUNTY CHILDREN<br>AND YOUTH SERVICES<br>111 North Pennsylvania Blvd.<br>Wilkes-Barre, PA 18701 | : JURY TRIAL DEMANDED<br>: |
| and | : |
| LUZERNE COUNTY<br>200 N. River Street<br>Wilkes-Barre, PA 18711 | : No.:  10895  of 2016<br>: |
|     Defendants | : |

FILED
PROTHONOTARY
LUZERNE COUNTY
2016 OCT 21  PM 2:46

## PRAECIPE TO ISSUE WRIT OF SUMMONS

TO:  PROTHONOTARY

    Kindly issue a Writ of Summons against the Defendants, Luzerne County Children and Youth Services and Luzerne County in the above-captioned matter.

COMITZ LAW FIRM, LLC

Date: 10/21/16

Jonathan S. Comitz

Jeremy R. Weinstock

**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
(570) 829-1111 (phone)
(570) 829-1112 (fax)

*Attorneys for Plaintiff*

| | |
|---|---|
| KARELIZ NIN<br>50 Orchard Street<br>Wilkes Barre, PA 18702 | : IN THE COURT OF COMMON<br>: PLEAS OF LUZERNE COUNTY<br>: |
| Plaintiff | : |
| vs. | : |
| LUZERNE COUNTY CHILDREN<br>AND YOUTH SERVICES<br>111 North Pennsylvania Blvd.<br>Wilkes-Barre, PA 18701 | : JURY TRIAL DEMANDED<br>:<br>:<br>: |
| and | : |
| LUZERNE COUNTY<br>200 N. River Street<br>Wilkes-Barre, PA 18711 | :<br>: No.: *10895*  of 2016 |
| Defendants | : |

## SUMMONS IN CIVIL ACTION

TO:   LUZERNE COUNTY CHILDREN AND YOUTH SERVICES
111 North Pennsylvania Blvd.
Wilkes-Barre, PA 18701

You are notified that the Plaintiff has commenced a civil action against you.

Seal of the
Court

DATE: **OCT 21 2016**

_James L. Haddock_
PROTHONOTARY

_____
Deputy

**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
(570) 829-1111 (phone)
(570) 829-1112 (fax)

*Attorneys for Plaintiff*

| | |
|---|---|
| KARELIZ NIN<br>50 Orchard Street<br>Wilkes Barre, PA 18702 | : IN THE COURT OF COMMON<br>: PLEAS OF LUZERNE COUNTY<br>:<br>: |
| Plaintiff | :<br>: |
| vs. | :<br>: |
| LUZERNE COUNTY CHILDREN<br>AND YOUTH SERVICES<br>111 North Pennsylvania Blvd.<br>Wilkes-Barre, PA 18701 | : JURY TRIAL DEMANDED<br>:<br>:<br>:<br>: |
| and | :<br>: |
| LUZERNE COUNTY<br>200 N. River Street<br>Wilkes-Barre, PA 18711 | :<br>:<br>: No.: _10895_ of 2016 |
| Defendants | :<br>: |

## SUMMONS IN CIVIL ACTION

TO:   LUZERNE COUNTY
200 N. River Street
Wilkes-Barre, PA 18711

You are notified that the Plaintiff has commenced a civil action against you.

Seal of the
Court

DATE:   **OCT 21 2016**

_James Z. Haddock_
PROTHONOTARY

_____
Deputy



**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
(570) 829-1111 (phone)
(570) 829-1112 (fax)

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| KARELIZ NIN | : | IN THE COURT OF COMMON |
| | : | PLEAS OF LUZERNE COUNTY |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| LUZERNE COUNTY CHILDREN | : | JURY TRIAL DEMANDED |
| AND YOUTH SERVICES | : | |
| | : | No.: 10895 of 2016 |
| Defendant | : | |

## CIVIL ACTION - NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.**

| | |
|---|---|
| **North Penn Legal Services, Inc.** | **North Penn Legal Services, Inc.** |
| **33 N. Main Street, Suite 200** | **101 West Broad Street, Suite 513** |
| **Pittston, Pa 18640** | **Hazelton, Pa 18201** |
| **(570) 299-4100** | **(570) 455-9512** |
| **(877) 953-4250 Toll Free** | **(877) 953-4250 Toll Free** |
| **(570) 824-0001 Fax** | **(570) 455-3625 Fax** |

FILED
PROTHONOTARY
LUZERNE COUNTY

2017 APR 20 PM 2:47

## AVISO

A USTED SE LE HA DEMANDASO EN LA CORTE.  Si usted quiere defenderse contra la demanda expuesta en la siguientes páginas, tiene que tomar acción en un plazo de veinte (20) dìas despuès que reciba esta demanda y aviso, por presentar una notificación de comparecencia escrita personalmente o por un abogado y radicar pore s-crito en la Corte sus defensas u objeciones a las demandas presentadas en su contra.  Se le advierte que si falla en hacerlo, el caso podrìa seguir adelante sin usted y un fallo podrìa ser dictado en su contra por la Corte sin previo aviso por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio pedido por el/la demandante.  Puede que usted pierda dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO, DIRÍJASE O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ABAJO.  ESTA OFICINA PUEDE PROVEERLE CON INFORMACIÓN SOBRE COMO CONTRATAR UNABOGADO. SI NO TIENE LOS FONDOS SUFICIENTES PARA CONTRATAR UN ABOGADO, ESTA OFICINA PODRÍA PROPORCIONARLE INFORMACIÓN ACERCA DE AGENCIAS QUE PUEDAN OFRECERLES SERVICIOS LEGALES A PERSONAS QUE REÚNAN LOS REQEQUISITOS A UNHONORARIO REDUCIDO O GRATIS.**

| | |
|---|---|
| **Servicios Legales de North Penn, Inc.** | **Servicios Legales de North Penn, Inc.** |
| **33 la Calle Main del Norte** | **101 la Calle Broad del Oeste** |
| **Oficina 200** | **Oficina 513** |
| **Pittston, PA  18640** | **Hazleton, PA  18201** |
| **(570) 299-4100** | **(570) 455-9512** |
| **(877) 953-4250 Llamada gratuita** | **(877) 953-4250 Llamada gratuita** |



FILED
PROTHONOTARY
LUZERNE COUNTY

2017 APR 20  PM 2: 47

**COMITZ LAW FIRM, LLC**

46 Public Square, Suite 101
Wilkes-Barre, PA 18701
(570) 829-1111 (phone)
(570) 829-1112 (fax)

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| KARELIZ NIN | : | IN THE COURT OF COMMON |
| | : | PLEAS OF LUZERNE COUNTY |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| LUZERNE COUNTY CHILDREN | : | JURY TRIAL DEMANDED |
| AND YOUTH SERVICES | : | |
| | : | No.: 10895 of 2016 |
| Defendant | : | |

## <u>COMPLAINT</u>

AND NOW, comes the Plaintiff, Kareliz Nin, by and through her attorneys,

Comitz Law Firm, LLC, and hereby complains against the Defendant, Luzerne

County Children and Youth Services as follows:

### Parties

1.     Plaintiff Kareliz Nin ("Kareliz") is an adult individual residing at 50

Orchard Street, Wilkes-Barre, Luzerne County, Pennsylvania.

2.     Kareliz is the natural mother of Cecilia Nin, date of birth May 21, 2012,

("Cecilia"), Reina Nin, date of birth December 14, 2009, ("Reina"), and Faviyan

Nin, date of birth July 12, 2006, ("Faviyan").

3.     Defendant Luzerne County Children and Youth Services ("CYS") is a

governmental agency organized and existing under the laws of the Commonwealth

of Pennsylvania with a principal place of business located at 111 North Pennsylvania Boulevard, Wilkes-Barre, Luzerne County, Pennsylvania.

4.     CYS is responsible for the safety, welfare, best interest and protection of children at risk from physical and emotional abuse, neglect and dependency when in CYS' legal and physical care, custody and control.

5.     At all times relevant hereto, the various agents, servants and/or employees of CYS were acting under color of state law, within the course and scope of their employment, and in furtherance of and pursuant to CYS's official policies.

## Introduction

6.     The facts of this case reveal that CYS, its various agents, servants and/or employees intentionally, carelessly and recklessly disregarded the rights of Kareliz by disseminating confidential and protected information to parties not entitled under law to receive the information and further violated her constitutional rights.

7.     On or about December 28, 2012, Cecilia was taken by ambulance to Wilkes-Barre General Hospital, Cecilia being unresponsive.

8.     At that time, various diagnostic tests were performed and Cecilia was discharged to home in the care of her mother, Kareliz.

9.     On or about January 4, 2013, Cecilia was taken to Geisinger Wyoming Valley Medical Center because she was unresponsive, and was later transferred to Geisinger Hospital in Danville.

10.     Based on the results of the diagnostic studies and physical examinations performed on this visit, CYS petitioned the Court for dependency of Cecilia, Reina and Faviyan, (collectively as the "Children"), alleging suspected abuse.

11.     The Court granted CYS's petition and directed that the Children be removed from the care, custody and control of Kareliz and be placed into foster care.

12.     Sadly, on January 7, 2013, while still an inpatient at Geisinger, Danville, and in the custody of CYS, Cecilia died.

13.     On January 7, 2013, the Court issued an Order finding Cecilia was not dependent because the child was deceased and the matter was discontinued.

14.     However, CYS continued to handle the case with regard to Reina and Faviyan, who were placed in foster care (the "Nin Case").

15.     The Autopsy Report regarding Cecilia dated January 9, 2013 and signed by S. Land, M.D. (4/1/13), states an opinion that the cause of death was blunt force trauma to the head, and also indicates findings of multiple healing bilateral rib fractures and fractures of the bilateral forearms.

16.   The Autopsy Report further indicates that the fractures of the ribs were evident on the pre-mortem x-rays obtained on December 28, 2012.

17.   Prior to this, Kareliz was not aware of Cecilia's healing rib fractures and, in fact, on December 28, 2012, was told by the emergency room staff that the chest x-rays were unremarkable and showed no signs of injury and was released with follow up as necessary.

18.   Cecilia's Death Certificate indicates the cause of death to be blunt force head trauma and the manner of death to be homicide.

19.   The death of Cecilia while in the custody of CYS triggered a fatality investigation.

20.   However, to date there has been no Fatality Report issued by CYS.

21.   Additionally, because of the manner of death being listed as homicide, a criminal investigation was also initiated by the Luzerne County District Attorney's office.

22.   Kareliz does not know the status of the criminal investigation.

23.   Kareliz has never been charged or associated in any way with the homicide death of Cecilia.

4

24.     Almost two years later, on or about October 29, 2014, Kareliz received Representative Notice of Estate Administration Pursuant to Pa. O.C. Rule 5.6 with regard to the Estate of Cecilia Nin ("Notice").

25.     The Notice was prepared and issued by two lawyers ("Estate Counsel") and is undated.

26.     Moreover, Estate Counsel named another attorney as administrator of the estate ("Representative").

27.     Kareliz never met or had any consult with Estate Counsel or the Representative.

28.     Other than the Notice, Kareliz had no participation in the opening or administration of Cecilia's Estate.

29.     At that time Kareliz was not made aware of why an Estate was being opened for Cecilia.

30.     Kareliz never signed a renunciation as to administering the Estate of Cecilia.

31.     Kareliz was never made aware, nor attended any hearings to appoint someone other than a family member as the Representative of the Estate of Cecilia.

32.     Oddly, Cecilia's Estate file located at Luzerne County Register of Wills' office is sealed and cannot be accessed by Kareliz.

33.    On or about August 10, 2015, a medical malpractice lawsuit was filed in Luzerne County to Docket No. 2014-14050 (the "Complaint").

34.    The Complaint was filed by Estate Counsel on behalf of the Representative.

35.    Kareliz was neither consulted nor aware of the Complaint, or for that matter how Estate Counsel would have been privy to such sensitive information since she was never consulted.

36.    Kareliz believes and therefore avers that the only way Estate Counsel could have come across the information necessary to prepare and file the Complaint and continue to litigate the lawsuit would have been through illegal and unauthorized information disseminated through representatives of CYS.

37.    What CYS does and the manner in which it exercises its power over parents and children throughout Luzerne County brings with it an incredible responsibility.

38.    In particular, this power brings the duty to strictly adhere to the privacy laws governing Child Protective Services, HIPAA laws, Children and Youth Services case files, and personal knowledge of caseworkers, Court Appointed Guardians *ad litem*, Court Appointed Masters, and other agents, servants, and employees of CYS.

39.     There must be respect, transparency and cooperation, but in this case, there was contempt, collusion, secrecy and obstruction.

40.     Plaintiff has filed the within lawsuit to exact the full measure of justice permitted by law, to clear Kareliz's reputation and further recover other appropriate relief provided under 42 U.S.C.A. § 1983 for the CYS' respective violations of the Plaintiff's constitutionally protected civil rights.

41.     CYS' conduct as stated herein was in violation of the Plaintiff's civil rights as afforded and protected by the United States Constitution.

### VIOLATIONS OF 42 U.S.C. § 1983
### (Plaintiff vs. CYS)

42.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 as though same were set forth herein at length.

43.     The Complaint alleges very specific and detailed information with regard to Cecilia's medical treatment for both the December 28, 2012 Emergency Room visit and January 4, 2013 Emergency Room visit and subsequent inpatient stay.

44.     The Complaint also outlines the results of the autopsy performed on Cecilia.

7

45.    The Complaint further alleges specific details with regard to Luzerne County Court of Common Please dependency hearing with regard to Kareliz and Cecilia.

46.    All of the specific detailed information contained in the Complaint is highly confidential and protected by various County, State and Federal Rules and Regulations.

47.    Kareliz never gave any of this information to the Representative or the Estate Counsel.

48.    The information contained in the Complaint is not accessible to the public.

49.    The only way the information contained in the Complaint can be considered accessible would be via Court Order or with the authorization of Kareliz.

50.    Neither was secured in this case.

51.    Title 55 § 3490.91 of the Pennsylvania Code identifies the persons to whom child abuse information shall be made available.

52.    The Representative and Estate Counsel would not qualify as persons who can receive child abuse information in this instant matter.

53.    Title 55 § 3490.102 of the Pennsylvania Code states that "A person who willfully releases or permits the release of data or information contained in the pending complaint file, the Statewide Central Register or the county agency records, to persons or agencies not permitted by this chapter to receive this information shall be guilty of a misdemeanor of the third degree.  In addition, the person shall be denied access in the future to information that the person would otherwise be entitled to receive under the CPSL and this chapter."

54.    Further, Cecilia's medical records and autopsy information disclosed in the Complaint is protected by HIPAA.

55.    At no time did Kareliz give the Representative or Estate Counsel authorization to obtain Cecilia's medical records or the autopsy report.

56.    Kareliz believes and therefore avers that the only way the Representative or Estate Counsel could have obtained Cecilia's medical records, Cecilia's autopsy report and / or Luzerne County Court of Common Pleas dependency hearing details was if such privileged and confidential information was voluntarily given to them by CYS, its employees, agents or servants.

57.    Kareliz made CYS aware of the improprieties of its employees, agents and servants with regard to disseminating this confidential material.

58.     Subsequently, in light of the blatant and self-serving improprieties of the CYS employees, agents and servants, a Court Order was issued to remove the Guardian *ad litem*, and precluded all case workers and staff at CYS's Wilkes-Barre office from working on the Nin Case.

59.     From that point forward, it was directed that the Wilkes-Barre CYS office, its agents and employees were no longer to have any further contact or involvement in the Nin Case.

60.     Rather, all matters surrounding the Nin Case would be handled by a caseworker and supervisor out of CYS's Hazleton office.

61.     Due to the ongoing staff shortages admittedly suffered by CYS, there were no supervisors in the Hazleton office and, therefore, a Wilkes-Barre supervisor had to be assigned over Hazleton caseworker.

62.     These staff shortages are clearly recognized and outlined in the Pennsylvania Department of Public Welfare's licensing / approval inspection dated May 24, 2013, ("Inspection Report").

63.     By the end of 2012, the agency had approximately twenty-nine (29) caseworker vacancies of which they permanently lost 19 positions.

64.     Additionally, the Inspection Report indicates that the decision to downsize the agency was made due to budget related issues.

65.     Significantly, the Inspection Report indicates that "Although it would be premature to speculate how the shortage of caseworkers will ultimately affect the services to children and families, concerns include the potential inability to provide the intensive in-home caseworker services necessary for moderate or high risk cases and potential delays in achieving timely permanence for children."

66.     Additionally, the Inspection Report states "…This has placed even higher demands on already overburdened casework staff who are currently working overtime to meet this demand."

67.     The acknowledgement of under staffing issues continues to be addressed in the Pennsylvania Department of Public Welfare Licensing Inspection Summary dated September 17, 2014.

68.     It is further addressed in the inspection report dated September 25, 2015, where it is admitted that the current staffing levels are insufficient to meet the needs of the children / families of Luzerne County and that the staffing issues have contributed to the lack of up-to-date case documentation making it increasingly difficult to review case files in order to complete annual licensing inspection, but even more concerning that the files that were reviewed were only a very small sample of cases active within the agency and therefore the extent of

regulatory and practice deficiencies may be of an even more alarming nature should all of the cases had been reviewed.

69.    This report goes on to indicate that "The number of complaints received by the Northeast Regional Office continues to be excessive.  Complaint are made for numerous reasons but often complainants complain of not having phone calls returned by either the caseworker or supervisor, lack of progress in case planning and overall delays."

70.    Additional conflicts, incompetence and chaos ensued in the handling of the Nin Case by CYS such that another Court Order was issued barring further Wilkes-Barre CYS supervisory involvement.

71.    Further, around this time it is believed and therefore averred that on two separate occasions, referrals of the aforesaid illegal conduct were made to the Luzerne County District Attorney's Office.

72.    It is unknown as to the status of those criminal referrals.

73.    It is alleged that the illegal activity noted above was carried out by CYS, its employees, agents and servants including, but not limited to CYS caseworkers, a Child Protective Services investigator, Guardian *ad litem*, and Court Appointed Master.

74. Kareliz has done everything that has been required of her by CYS in order for her to regain custody of Reina and Faviyan.

75. However, CYS has thrown road blocks at her with every chance they had through various delays, causing Kareliz to spend money to litigate matters in Court and by outright violating Court Orders.

76. Additionally, when legal and physical custody of the Children was transferred to CYS, Kareliz and several other family members provided all of the required information necessary to apply for kinship care so the Children could be placed with family.

77. However, Kareliz was told that all of the kin families that she recommended were not approved or were not eligible.

78. In fact, one kinship care family applied on three occasions, but each time, the applications were lost or misplaced.

79. Kareliz was given excuse after excuse as to why each of the kinship applicants were denied.

80. It is alleged that all of this was, and continues to be, done in retaliation for Kareliz bringing light to the illegal activities of the CYS employees, agents and servants.

81.     It is further alleged that the delays and inadequate handling of the Nin Case is a prime example of the understaffing and subsequent provisional licensing of CYS.

82.     CYS, their various agents, servants and/or employees, while acting under color of state law, unlawfully, intentionally, unreasonably, maliciously, with deliberate indifference and /or with reckless indifference to Kareliz's civil rights, violated 42 U.S.C.A § 1983 and deprived the Kareliz of her rights and privileges guaranteed under the Constitution of the United States and laws, causing the aforementioned injuries by acting as follows:

  a.     Violating various Child Protective Services laws;

  b.     Violating various HIPAA laws;

  c.     Conspiring to cover up, minimize and ignore the illegal activities of their employees, agents and servants;

  d.     Precluding Kareliz from participation as a plaintiff in the medical malpractice action;

  e.     Denying Kareliz parental input, decision-making and other rights inherent in her role as mother of Cecilia; and

  f.     Administering Cecilia's CYS investigation under a provisional state license.

83.    The harm and damages caused to Kareliz was a foreseeable and direct consequence of the illegal and deliberate actions and omissions of CYS as described herein.

84.    The above conduct violated the substantive and procedural due process rights of Kareliz.

85.    CYS' collective policies and customs or lack thereof, including but not limited to its policy of being deliberately indifferent to training its staff members, employees, agents and servants in constitutional rights, privacy laws, and HIPAA laws, violated Kareliz's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

86.    CYS' repeatedly admitted understaffing caused Kareliz to suffer deprivations of her constitutional rights.

87.    As a direct and proximate result of the CYS' aforesaid intentional acts actions and inactions, Kareliz has suffered deprivations of her constitutional rights to substantive and procedural due process.

88.    CYS also conspired with its staff members, employees, agents and servants to name Kareliz as an actual defendant in the action brought by the Representative in order to preclude her from any recourse she may have had as her

individual right as the natural parent of Cecilia in any medical malpractice action she may have sought to file and further impacting her children Faviyan and Reina.

89.   The conduct as described herein was a deprivation, under color of state law, of rights guaranteed to Kareliz under the Fourteenth Amendment to the United States Constitution.

90.   CYS, through its various agents, servants and/or employees permitted a climate of complacency by allowing policies and customs described herein to exist.

91.   As a direct and proximate result of CYS' aforesaid intentional actions and inactions, Kareliz has suffered damages for which she seeks compensation.

92.   As a direct and proximate result of CYS' aforesaid intentional actions and inactions, Kareliz has suffered mental anguish, anxiety, distress, stress, sleeplessness and humiliation.

93.   The conduct of CYS memorialize a deliberate indifference to Kareliz and demonstrated a reckless disregard, and was committed in conscious disregard of the substantial and unjustifiable risk of causing harm to Kareliz, and was so egregious and illegal as to shock the conscience entitling Kareliz to an award of punitive damages.

94.    The actions of the CYS, its staff members, agents, servants and/or employees as set forth above were intentional, willful, malicious, wanton, reckless, oppressive, and/or outrageous and illegal, entitling Kareliz to an award of punitive damages.

95.    The actions and conduct of CYS as described herein were a substantial factor in causing the Kareliz's harm and damages.

96.    The conduct as set forth above evidences a state-created danger perpetrated by CYS against Kareliz.

97.    The conduct as set forth above demonstrates a failure to properly train CYS' employees, agents and servants on breaching confidentiality laws, rules and regulations.

98.    The aforementioned actions of CYS, under color of state law, subjected Kareliz to a deprivation of rights and privileges secured to her by the Constitution and laws of the United States of America within the meaning of 42 U.S.C.A. § 1983.

WHEREFORE, the Plaintiff, Kareliz Nin, hereby demand judgment in her favor and against Luzerne County Children and Youth Services in an amount in excess of the jurisdictional amount of Fifty Thousand Dollars ($50,000.00), together

with punitive damages, attorneys' fees pursuant to 42 U.S.C.A. § 1988, interest, costs and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

COMITZ LAW FIRM, LLC

BY: _____

JONATHAN S. COMITZ

BY: _____

JEREMY R. WEINSTOCK

## VERIFICATION

I, **Jeremy R. Weinstock, Esquire**, verify that I am counsel for the Plaintiff, Kareliz Nin, that this verification is made on information provided to me and that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information and belief and are subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.  This verification has not been made by the Plaintiff because she is located out of the jurisdiction and verification could not be obtained in sufficient time before the due date of this document.

Jeremy R. Weinstock, Esq.

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY:    MARK G. GIANNOTTI, ESQUIRE
          MARY M. LABAREE, ESQUIRE
**IDENTIFICATION NOS. 201676/77759**
**1800 JOHN F. KENNEDY BOULEVARD**
**SUITE 1900**
**PHILADELPHIA, PA  19103**
**(215) 564-6688**

**ATTORNEYS FOR DEFENDANT,**
**LUZERNE COUNTY CHILDREN AND**
**YOUTH SERVICES AND LUZERNE**
**COUNTY**

Our File No.:  1417-102845

KARELIZ NIN

vs.

LUZERNE COUNTY CHILDREN AND
YOUTH SERVICES
AND
LUZERNE COUNTY

COURT OF COMMON PLEAS
LUZERNE COUNTY

NO. 10895 OF 2016

JURY TRIAL DEMANDED
(12 JURORS)

## JURY DEMAND

**TO THE PROTHONOTARY:**

    Defendants, Luzerne County Children and Youth Services and Luzerne County by and

through their undersigned attorney hereby demand a trial by jury of twelve in the above

referenced matter.

                                  **MARKS, O'NEILL, O'BRIEN,**
                                  **DOHERTY & KELLY, P.C.**

                                  */s/ Mark G. Giannotti*
                                  Mark G. Giannotti, Esquire
                                  Mary M. Labaree, Esquire
                                  Attorneys for Defendant,
                                  Luzerne County Children and Youth Services
                                  and Luzerne County

{PH086229.1}

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY:    MARK G. GIANNOTTI, ESQUIRE
           MARY M. LABAREE, ESQUIRE
**IDENTIFICATION NOS. 201676/77759**
**1800 JOHN F. KENNEDY BOULEVARD**
**SUITE 1900**
**PHILADELPHIA, PA  19103**
**(215) 564-6688**

**ATTORNEYS FOR DEFENDANT,**
**LUZERNE COUNTY CHILDREN AND**
**YOUTH SERVICES AND LUZERNE**
**COUNTY**

Our File No.: 1417-102845

| | |
|---|---|
| KARELIZ NIN<br><br>vs.<br><br>LUZERNE COUNTY CHILDREN AND<br>YOUTH SERVICES<br>AND<br>LUZERNE COUNTY | COURT OF COMMON PLEAS<br>LUZERNE COUNTY<br><br>NO. 10895 OF 2016<br><br>JURY TRIAL DEMANDED<br>(12 JURORS) |

## ENTRY OF APPEARANCE

**TO THE PROTHONOTARY:**

     Kindly enter my appearance on behalf of Defendants, Luzerne County Children and

Youth Services and Luzerne County in the above-captioned matter.

                        **MARKS, O'NEILL, O'BRIEN,**
                        **DOHERTY & KELLY, P.C.**

                        */s/ Mary M. Labaree*
                        Mark G. Giannotti, Esquire
                        Mary M. Labaree, Esquire
                        Attorneys for Defendant,
                        Luzerne County Children and Youth Services
                        and Luzerne County

{PH086227.1}

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY:    MARK G. GIANNOTTI, ESQUIRE
        MARY M. LABAREE, ESQUIRE
**IDENTIFICATION NOS. 201676/77759**
**1800 JOHN F. KENNEDY BOULEVARD**
**SUITE 1900**
**PHILADELPHIA, PA 19103**
**(215) 564-6688**

**ATTORNEYS FOR DEFENDANT,**
**LUZERNE COUNTY CHILDREN AND**
**YOUTH SERVICES AND LUZERNE**
**COUNTY**

Our File No.: 1417-102845

| | |
|---|---|
| KARELIZ NIN | COURT OF COMMON PLEAS |
| | LUZERNE COUNTY |
| vs. | |
| | NO. 10895 OF 2016 |
| LUZERNE COUNTY CHILDREN AND | |
| YOUTH SERVICES | JURY TRIAL DEMANDED |
| AND | (12 JURORS) |
| LUZERNE COUNTY | |

<u>**ENTRY OF APPEARANCE**</u>

**TO THE PROTHONOTARY:**

      Kindly enter my appearance on behalf of Defendants, Luzerne County Children and

Youth Services and Luzerne County in the above-captioned matter.

                        **MARKS, O'NEILL, O'BRIEN,**
                        **DOHERTY & KELLY, P.C.**

                        */s/ Mark G. Giannotti*
                        Mark G. Giannotti, Esquire
                        Mary M. Labaree, Esquire
                        Attorneys for Defendant,
                        Luzerne County Children and Youth Services
                        and Luzerne County

{PH086225.1}

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**
BY:    MARK G. GIANNOTTI, ESQUIRE
         MARY M. LABAREE, ESQUIRE
IDENTIFICATION NOS. 201676/77759
1800 JOHN F. KENNEDY BOULEVARD
SUITE 1900
PHILADELPHIA, PA  19103
(215) 564-6688

**ATTORNEYS FOR DEFENDANT,**
**LUZERNE COUNTY CHILDREN AND**
**YOUTH SERVICES AND LUZERNE**
**COUNTY**

Our File No.: 1417-102845

| | |
|---|---|
| KARELIZ NIN<br><br>vs.<br><br>LUZERNE COUNTY CHILDREN AND<br>YOUTH SERVICES<br>AND<br>LUZERNE COUNTY | COURT OF COMMON PLEAS<br>LUZERNE COUNTY<br><br>NO. 10895 OF 2016<br><br>JURY TRIAL DEMANDED<br>(12 JURORS) |

## PRAECIPE FOR RULE TO FILE COMPLAINT

**TO THE PROTHONOTARY:**

Kindly enter a Rule on Plaintiff to file a Complaint within twenty (20) days from the date

of service thereof, or suffer judgment of non-pros.

**MARKS, O'NEILL, O'BRIEN,**
**DOHERTY & KELLY, P.C.**

*/s/ Mark G. Giannotti*
Mark G. Giannotti, Esquire
Mary M. Labaree, Esquire
Attorneys for Defendant,
Luzerne County Children and Youth Services
and Luzerne County

## RULE TO FILE COMPLAINT

AND NOW, this    7    day of March, 2017, a Rule was entered upon Plaintiff(s) as

above.

_____
Prothonotary

James Haddock
d.o.

{PH080146.1}