# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARELIZ NIN | : | |
| | : | |
| Plaintiff | : | |
| v. | : | 3:17-CV-802 |
| | : | (JUDGE MARIANI) |
| LUZERNE COUNTY CHILDREN AND YOUTH SERVICES | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Currently pending before the Court is Plaintiff Kareliz Nin's Motion for Leave to Amend Complaint to Join Additional Defendant (Doc. 19). Nin seeks leave to amend her Complaint to add Luzerne County as an additional defendant in this action. Nin does not seek to add any new claims. (*Id.* at ¶ 6). Defendant Luzerne County Children and Youth Services filed a Brief in Opposition to Plaintiff's Motion (Doc. 21). The matter having been fully briefed, it is now ripe for resolution. For the reasons that follow, the Court will grant Plaintiff's Motion.

Plaintiff initiated this action in October, 2016, by filing a Writ of Summons in the Court of Common Pleas of Luzerne County, naming as Defendants Luzerne County and Luzerne County Children and Youth Services ("LCCYS"). On April 20, 2017, Plaintiff filed her Complaint in state court, alleging one count of violations of 42 U.S.C. § 1983 and naming only LCCYS as a defendant. (Doc. 1-1). LCCYS thereafter timely removed the

action to this Court on the basis of federal question (Doc. 1) and filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 3). On August 25, 2017, Plaintiff filed her motion for leave to amend the complaint to add Luzerne County as a defendant. (Doc. 19).

## II. STANDARD OF REVIEW

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has described this rule as follows:

> [Rule 15(a)'s] mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed. 222 (1962) (internal citations omitted); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.").

## III. ANALYSIS

Plaintiff's motion to amend was filed in a timely manner on August 25, 2017, in accordance with this Court's Case Management Order of July 20, 2017 (Doc. 13).

Here, LCCYS asserts that Luzerne County is immune from suit, that the statute of limitations on Plaintiff's claim has expired, and that Plaintiff's "own failure to file the

2

Complaint against a party initially served with a writ at the initiation of this claim" should now bar Plaintiff from filing the proposed amended complaint. (Doc. 21, at 1-2).

Defendant's entire argument with respect to Luzerne County's purported immunity from suit is that "[t]he addition of Luzerne County is futile in that this party is immune from suit, so Plaintiff has no valid grounds for recovery against this party." (Doc. 21, at 5-6). Although Defendant broadly references its brief in support of its motion to dismiss as evidence of this assertion, it fails to explain here why the County is entitled to immunity. Because LCCYS has not provided this Court with any substantive, factual, or legal arguments to support its assertion that the County is entitled to immunity, the Court will not address this argument in the present opinion. However, this decision should not be interpreted as precluding the making of such an argument in a motion to dismiss by Luzerne County, should it so choose.

With respect to Defendant's argument that the statute of limitations has expired, this assertion also forms one basis for Defendant's motion to dismiss (*see* Doc. 7, at 5-8). The argument here appears to be premised on the same argument as that set forth in the motion to dismiss, to wit, that the current complaint in this matter is barred by the statute of limitations. The logical extension of this argument is that if the first complaint is barred by the statute of limitations, then even if this Court were to find that Plaintiff's Amended Complaint relates back to the first Complaint, Plaintiff would still be barred from asserting a cause of action against Luzerne County. Nonetheless, Plaintiff strongly disagrees with

Defendant with respect to when the cause of action accrued. (*See* Doc. 10, at 7-8 (arguing in her brief in opposition to the motion to dismiss that the two year statute of limitations began to run on her claim "on or around October 29, 2014."). As a result, Defendant's argument at this time would require the Court to evaluate factual and legal assertions better left for a motion to dismiss or motion for summary judgment. With respect to the present motion, the Court is not in a position to determine whether Plaintiff's claim against LCCYS is barred by the statute of limitations. As such, assuming that Plaintiff's proposed amendment to her Complaint relates back to the date of the original pleading, the Court cannot say at this time that as a matter of law the statute of limitations bars this suit against the County.

Assuming, without deciding, that Plaintiff's Complaint against LCCYS is not barred by the statute of limitations, the Court must turn to Rule 15(c) to determine whether Plaintiff's proposed amendment adding Luzerne County as a defendant relates back to the original complaint.[1] Despite Rule 15(a)'s liberal policy allowing for the amendment of pleadings, "if a litigant seeks to add a party after the statute of limitations on its claim has run, the essence of Rule 15(a) is not reached, unless the Court finds that the requirements of Federal Rule of Civil Procedure 15(c), which governs the relation back of amendments, have been satisfied." *Wine v. EMSA Ltd. Partnership*, 167 FRD 34, 37 (E.D. Pa. 1996) (internal quotation marks omitted). In relevant part, pursuant to Rule 15(c), an amendment to a pleading relates back to the date of the original pleading when:

---

[1] The statute of limitations would bar Plaintiff from asserting a claim against Luzerne County if the proposed Amended Complaint does not relate back to the original complaint.

4

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B)[2] is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Plaintiff has the burden of establishing each of these elements.

*Ferencz v. Medlock*, 905 F.Supp.2d 656, 666 (W.D. Pa. 2012).

As the Supreme Court explained,

The Rule plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them. Moreover, the Rule mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion. See Rule 15(c)(1) ("An amendment ... *relates back* ... when" the three listed requirements are met (emphasis added)).

*Krupski v. Costa Crociere, S.p.A.*, 660 U.S. 538, 553, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010) (internal citations omitted). Thus, while "a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a) . . ., the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back" under Rule 15(c). *Id.*

---

[2] Federal Rule of Civil Procedure 15(c)(1)(B) provides that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

5

Here, Plaintiff's Amended Complaint only seeks to add Luzerne County. With that exception, the Amended Complaint remains identical to the original Complaint. Plaintiff is not attempting to assert any new allegations arising out of any different conduct, transaction, or occurrence not previously set forth in the Complaint. Rule 15(c)(1)(B) is therefore satisfied.

The requirements of Rule 15(c)(1)(C)(i) are also satisfied. Defendant's argument that Luzerne County "did not receive sufficient notice [of the action], as it was not named in any Complaint related to this action" is without merit. Luzerne County was named in the Writ of Summons filed prior to the Complaint in this action. Although the Complaint did not name Luzerne County, the County was clearly aware of the action. Even more persuasive in this Court's determination is Defendant's own admission in its motion to dismiss that LCCYS "is not a proper entity in this action" because it is "an agency or department and not a separate entity from the county." (Doc. 7, at 8). LCCYS therefore argued that it is one in the same with the County. To now argue that the County was not on notice of the action, when LCCYS's motion to dismiss was based in part on its assertion that it was not a separate entity from the County, is baseless. Luzerne County will therefore not suffer prejudice by its addition at this early stage in the litigation.

The Court next turns to Rule 15(c)(1)(C)(ii) – whether the party to be brought in by the amendment "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." This subsection of the

Rule "asks what a prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Krupski*, 560 U.S. at 548 (emphasis in original). Although a deliberate choice by a plaintiff "to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity," because "the reasonableness of the mistake is not itself at issue," it does not hold true that "any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake." *Id*. at 549. Thus, "the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's *intent* in filing the original complaint against the first defendant." *Id*. at 2496 (emphasis added).

Because the actions of LCCYS can be imputed to Luzerne County, *see infra*, there is in essence no difference between suing these two defendants. The County was, in effect, always a defendant in this action in everything but name. Therefore, "whether [the County] knew or should have known that it would have been named as a defendant in this action is essentially irrelevant because Plaintiff did, in fact, name [Luzerne] County as a Defendant in her original Complaint when she sued" LCCYS. *See Ferencz v. Medlock*, 905 F.Supp.2d 656, 668 (W.D. Pa. 2012). Here, but for a mistake or misunderstanding of the relationship between the County and LCCYS, the County would have been a defendant in the original complaint. As demonstrated by Defendant's argument in their motion to dismiss that it was

not a proper defendant because it is "an agency or department and not a separate entity from the county" (Doc. 7, at 8), LCCYS and the County were always aware of Plaintiff's *intent* when filing her original complaint, to wit, to obtain relief for the actions allegedly taken by LCCYS as set forth in the Complaint. This is further supported by the fact that, other than the proposed addition of Luzerne County, Plaintiff's factual allegations and claims in her Amended Complaint have not changed from those in her Complaint. Therefore, the Court finds that the requirement of 15(c)(1)(C)(ii) is satisfied.

Finally, the Court notes the abundance of case law that supports our finding that LCCYS is an agency of Luzerne County and the County was therefore on notice of the action and Plaintiff's mistake in not naming it in her original Complaint. The case law further supports the Court's finding that Luzerne County was, in effect, always a defendant in this action in everything but name. *See Jackson v. Cty. Of Wayne*, 217 F.App'x 103, 104 n.1 (3d Cir. 2007) ("Wayne County Children and Youth Services is an agency of the County of Wayne. It is not a legal entity separate and apart from Wayne County. Therefore it is not a separate defendant. Any actions taken by Wayne County Children and Youth Services shall be imputed to the County of Wayne."); *Walhour v. Child and Youth Servs.*, 728 F.Supp.2d 628, 640-641 (E.D. Pa. 2010) ("the Court notes that departments of a county, e.g., the Delaware County Department of Children and Youth Services, do not have a separate corporate existence from the county and are therefore not entities capable of being sued under Section 1983. *Padilla v. Twp. of Cherry Hill,* 110 Fed.Appx. 272, 278 (3d Cir.2004). In

other words, the proper Defendant in this case would be Delaware County, rather than its Department of Children and Youth Services."); *Fetterman v. Westmoreland Cty. Children's Bureau*, 2015 WL 5007952, *4 (W.D. Pa. 2015) ("[Westmoreland County Children's Bureau] has no legal identity separate from Westmoreland County and therefore it cannot be sued."); *Patterson v. Armstrong Cty. Children and Youth Servs.*, 141 F.Supp.2d 512, 542 (W.D. Pa. 2001) ("The Court agrees with CYS that it is merely a sub-unit of the responsible municipality, the County, which is a party to this suit, and that it therefore should be dismissed from this civil rights action. . . ."); *Harris ex rel. Litz v. Lehigh Cty. Office of Children & Youth Servs.*, 418 F.Supp.2d 643, 646 n.1 (E.D. Pa. 2005) ("In its motion to dismiss, Lehigh County correctly points out that OCYS is not a legal entity separate and apart from Lehigh County, is not a political entity, and is simply a department of Lehigh County. OCYS shall be dismissed as a separate defendant, and any action alleged to have been taken by OCYS shall be imputed to Lehigh County.").

Although the Court will not *sua sponte* dismiss LCCYS from this action, it notes that an amended motion to dismiss by LCCYS may be appropriate after Plaintiff has filed her Amended Complaint. Because the Court is permitting Plaintiff to file her Amended Complaint which adds Luzerne County as a defendant, should LCCYS file another motion to dismiss, the defendant is strongly urged to set forth any argument with respect to why it should be dismissed due to the apparent redundancy of both Luzerne County and LCCYS as defendants, i.e. why it should be dismissed in light of Plaintiff's admission in her

Amended Complaint that LCCYS is "a governmental agency or entity of Luzerne County" (Doc. 19-3, at ¶ 3), and the number of applicable cases holding that departments of a county, including Children and Youth Services agencies, do not have separate existence from the county and thus any action taken by LCCYS would be imputed on the County for purposes of liability under § 1983.

For the foregoing reasons, while Defendant LCCYS may be correct that Luzerne County is immune from suit or that the action is barred by the statute of limitations, the Court cannot find that Plaintiff's motion is futile at this time. Though both whether an action is barred by the statute of limitations and whether a party is entitled to immunity are questions of law, at this early stage of the case, the Court would be finding facts in Defendant's favor if the Court did not allow Plaintiff to amend her complaint to add Luzerne County. For the Court to find that the County is entitled to immunity, without the parties specifically briefing the issue, would be premature and deprive Plaintiff of the adequate opportunity to present her arguments. Similarly, having found that the proposed amendment adding Luzerne County as a party relates back to the original pleading, for the Court to find that the action against Luzerne County is barred by the statute of limitations, it would have to credit the Defendant's factual assertions in its motion to dismiss as to when the cause of action began to accrue and disregard the factual assertions set forth by Plaintiff in her Amended Complaint.

Lastly, having found that the proposed Amended Complaint relates back to the original Complaint, the Court also finds that Rule 15(a)'s mandate that leave to amend should be "freely given" in the absence of undue delay, bad faith, and futility, weighs in favor of granting Plaintiff's motion to amend. Defendants will not be prejudiced as this case is still at a relatively early stage of litigation and the factual allegations in the Amended Complaint remain the same as in the original Complaint. Additionally, there is no evidence that Plaintiff engaged in bad faith in failing to add Luzerne County prior to the filing of her motion to amend. Further, as previously explained, the Court is unable at this time to determine whether the allegations in the Amended Complaint are futile.

## IV. Conclusion

Plaintiff's Motion for Leave to Amend Complaint to Join Additional Defendant (Doc. 19) will be granted. However, the parties should not interpret this Court's grant of Plaintiff's motion as precluding one or both Defendants from filing motions to dismiss should they so deem appropriate.

A separate Order follows.

Robert D. Mariani
United States District Judge