IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KARELIZ NIN,

   Plaintiff,

v.

LUZERNE COUNTY and
LUZERNE COUNTY CHILDREN
AND YOUTH SERVICES,

   Defendants.

3:17-CV-00802
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

The above-captioned action was filed by Plaintiff, Kareliz Nin, asserting a single Section 1983 claim against Defendants Luzerne County and Luzerne County Children and Youth Services ("LCCYS") for their alleged involvement in the administration of Plaintiff's deceased child's estate. Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. 57).

Nin filed a Writ of Summons in the Court of Common Pleas of Luzerne County on October 21, 2016, naming Luzerne County and LCCYS as Defendants. (Doc. 1-1). On April 20, 2017, Nin filed her Complaint in state court, alleging a single count of 42 U.S.C. § 1983 violation and naming only LCCYS as a defendant. (*Id.*) LCCYS removed the action to this Court (Doc. 1) and moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 3). On August 25, 2017, Nin filed a motion for leave to amend the Complaint to add Luzerne

1

County as a defendant, without adding any new claims or substantive allegations. (Doc. 19). This Court granted Nin's Motion to Amend (Doc. 28) and Defendants filed a second motion to dismiss after the Amended Complaint was filed (Doc. 32). On August 3, 2018, this Court granted Defendants' Motion to Dismiss the Amended Complaint and granted Nin leave to amend her complaint. (Doc. 52). On August 24, 2018, Nin filed a Second Amended Complaint (Doc. 53), and on September 26, 2018, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 57). For reasons that follow, Defendants' motion will be granted, without prejudice and with leave to Plaintiff to file a Third Amended Complaint.

## II. FACTUAL ALLEGATIONS

Plaintiff's Second Amended Complaint (Doc. 53) alleges the following facts which, for the purposes of resolving Defendants' Motion to Dismiss, the Court takes as true:

Kareliz Nin gave birth to her daughter, Cecilia Nin, on May 21, 2012. (*Id.* at ¶ 2). On December 28, 2012, after becoming unresponsive, Cecilia was taken by ambulance to the Wilkes-Barre General Hospital. (*Id.* at ¶ 10). After conducting various diagnostic tests, the Hospital discharged Cecilia back to the care of her mother. (*Id.* at ¶ 11). About a week later, Cecilia was again unresponsive and taken to Geisinger Wyoming Valley Medical Center. (*Id.* at ¶ 12.) Based on the results of the diagnostic tests performed during that second visit, LCCYS petitioned the state court for dependency of Cecilia and Plaintiff's other two children, Reina and Faviyan, alleging suspected abuse. (*Id.* at ¶ 13). The state court

2

granted LCCYS's petition and directed that Plaintiff's children be removed from Plaintiff's care and placed into foster care. (Doc. 53, at ¶ 14). On January 7, 2013, while still an in-patient at Geisinger hospital, Cecilia died. (*Id.* at ¶ 15). The court then issued an order finding Cecilia as not dependent because she was deceased. (*Id.* at ¶ 16). According to Cecilia's Autopsy Report, Cecilia died due to blunt force trauma to the head, and separately suffered multiple healing bilateral rib fractures and forearm fractures. (*Id.* at ¶ 18). The death of Cecilia triggered a criminal investigation by the Luzerne County District Attorney's office, the status of which is still unknown at this time. (*Id.* at ¶¶ 24, 27).

Nearly two years later, on October 29, 2014, Plaintiff received a "Representative Notice of Estate Administration Pursuant to Pa. O.C. Rule 5.6" regarding the Estate of Cecilia Nin (the "Representative Notice"), which was prepared and issued by two lawyers ("Estate Counsel") and named a third lawyer as administrator of the estate. (*Id.* at ¶¶ 29-31). Plaintiff alleges that she had no participation in and was never made aware of the administration of her daughter's Estate, and that she cannot access Cecilia's estate files because the files are sealed. (Doc. 53, at ¶¶ 33-37). Plaintiff further alleges that prior to the opening of her daughter's estate, Estate Counsel were not legally privy to the confidential information contained within her and her daughter's CYS files. (*Id.* at ¶ 39). Thus, any dissemination of that information was "illegal and unauthorized" and "the only way" the Estate Counsel could have ascertained the information necessary to open the Estate was through CYS's illegal and unauthorized dissemination of information. (*Id.* at ¶ 41).

On August 10, 2015, Cecilia's estate representative filed a medical malpractice suit against various defendants, including Kareliz Nin. (*Id.* at ¶¶ 42, 43). Plaintiff alleges that "the sole reason for the Estate Counsel to open the Estate of Cecilia was to file the Complaint" and that "the only way Estate counsel could have come across the information necessary to prepare and file the [medical malpractice suit's] Complaint and continue to litigate the lawsuit would have been through illegal and unauthorized information disseminated through representatives of [LCCYS]." (*Id.* at ¶¶ 44, 46). Plaintiff further alleges that "CYS has thrown road blocks at every chance they had through various delays" (*id.* at ¶ 49), and that she has still not regained custody of her other two daughters who remain in foster care (Doc. 53, at ¶ 54).

The medical malpractice Complaint includes "very specific and detailed information," with regard to Cecilia's medical information, her treatment during her Emergency Room visits, and the autopsy report. (*Id.* at ¶¶ 65-67). The information disclosed is "highly confidential and protected by various County, State and Federal Rules and Regulations." (*Id.* at ¶ 68). Additionally, Nin never gave any of the information to the Estate Counsel or Representative, the information was not publicly accessible, and the only way the information could be accessed would be via Court Order or with Plaintiff's authorization. (*Id.* at ¶¶ 69-72). As a result, Plaintiff alleges that LCCYS failed to implement any policies or procedures to ensure compliance with Federal and State law, and consequently, by illegally

4

releasing said information, infringed upon Plaintiff's Constitutional right to privacy. (*Id.* at ¶¶ 78-87, 94).

Plaintiff alleges that Defendants, "while acting under color of state law, unlawfully, intentionally, unreasonably, maliciously, with deliberate indifference and/or with reckless indifference to [Plaintiff's] civil rights, violated 42 U.S.C.A. § 1983 and deprived the [Plaintiff] of her rights and privileges guaranteed under the Constitution of the United States and laws…by acting as follows:"

   a. Violating various Child Protective Services laws;
   b. Attempting to cover up, minimize and ignore the illegal activities of their employees, agents, and servants;
   c. Releasing confidential information regarding Kareliz and Cecilia's CYS file to individuals with absolutely no legal standing to have access to said information at the time of dissemination;
   d. Delaying, inadequately and improperly handling the Nin case, in violation of Kareliz's right to due process;
   e. Delaying, inadequately and improperly handling the Nin case, in violation of Kareliz's right to be an integral part of Reina and Faviyan's lives;
   f. Failing to implement any policies and/or procedures, and/or failing to properly train various agents, servants and/or employees as to any polices or procedures, to insure confidential information is not released to improper persons; and
   g. Administering Cecilia's CYS investigation under a provisional state license.

(*Id.* at ¶ 121).

Despite this Court providing Plaintiff with an additional opportunity to amend her complaint, the Second Amended Complaint offers few allegations detailing *how* LCCYS committed the violations set-forth above, or how these violations constitute a deprivation of

5

constitutionally protected interests. The Complaint makes conclusory allegations that LCCYS is understaffed, but fails to explain *how* the understaffing has impacted Plaintiff or is linked to any policies or customs that Plaintiff alleges LCCYS may have failed to implement. (*See* Doc. 53, at ¶¶ 102-110). Plaintiff also alleges that "Defendants also conspired with the Estate Counsel to name Kareliz as an actual defendant . . . in order to preclude her from any recourse she may have had as her individual right as the natural parent of Cecilia . . ." (*Id.* at ¶ 126). Yet, Plaintiff provides no further explanation as to *how* LCCYS conspired with the Estate and linking these allegations to any policies or customs that LCCYS may have implemented or failed to implement.

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations,

alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

7

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## IV. ANALYSIS

After evaluation of Nin's Second Amended Complaint (Doc. 53), the Court will dismiss this Complaint for failure to state a claim under § 1983. Although the Court will grant Defendants' motion to dismiss, the Court notes that Defendants' motion and supporting brief were of no assistance to the Court in its evaluation of Plaintiff's Second Amended Complaint.

Upon comparison, it is clear that Nin's Second Amended Complaint makes several adjustments from her First Amended Complaint that more clearly suggest that "the crux of Plaintiff's Second Amended Complaint is Defendants [*sic*] illegal dissemination of confidential and privileged documents regarding Kareliz and Cecilia's CYS file, not her preclusion of opening an Estate on behalf of her daughter" (*see* Doc. 59, at 9). Nonetheless, in its Memorandum Opinion dismissing Plaintiff's Amended Complaint without prejudice, the Court explained the following:

> At most, Plaintiff has alleged that LCCYS released Cecilia's medical records to the representative of Cecilia's estate without "authorization," records that Plaintiff claims the estate representative used to initiate a medical malpractice suit naming Plaintiff as a defendant. However, Plaintiff fails to point to any factual basis that would support her allegation that the release of such information was "unauthorized." For example, Plaintiff does not allege that the representative of the estate was improperly appointed. Instead, she merely

8

alleges that she "never met or had any consult with Estate Counsel or the Representative" and that she "had no participation in the opening or administration of Cecilia's Estate," all without explaining why such consultation was legally necessary or whether her lack of participation in the estate administration process nullifies the appointment, or otherwise renders the administration inappropriate. Without such allegations, there is no basis for the Court to accept as an adequate pleading that Plaintiff's lack of participation in the appointment of the estate representative, or the representative's decision to initiate a medical malpractice suit, is in any way improper. More fundamentally, the estate representative is not a defendant in this suit. Even if the appointment of the representative *had* been improper, there is no allegation that *Defendants* (who are county entities) should have known that the representative did not adequately represent Cecilia's interests before releasing Cecilia's medical information to the representative. On the face of the Amended Complaint, there is no reason to believe that Defendants had any policies or customs (or lack thereof) that amounted to deliberate indifference to Plaintiff's constitutional rights by releasing Cecilia's medical records to what appeared to be a legally appointed estate representative.

In other words, aside from failing to identify the relevant constitutional interests and Defendant policies and customs, the Amended Complaint failed to allege several causal links necessary to adequately plead a Section 1983 claim, including (1) how the appointment of an estate representative without consulting Plaintiff constitutes an actionable injury; . . . (3) how Defendants in any way caused these injuries by release of Cecilia's medical records; (4) how, even assuming such release of medical records was improper, that release of records was the result of a specific policy (or lack thereof) that Defendants should (or should not) have implemented; (5) how such a policy (or lack thereof) led to a likelihood of constitutional violations; or (6) how the alleged misconduct raises the inference that Defendants acted with deliberate indifference.

(Doc. 51, at 18-21) (internal citations omitted).

In reviewing the Second Amended Complaint, the Court is still at a loss as to how LCCYS's allegedly illegal dissemination of information to Cecilia's Estate supports a constitutional claim. Despite this Court's guidance, Nin has not set forth any additional factual support to cure the deficiencies that this Court clearly highlighted. For example, Nin's Second

9

Amended Complaint still lacks any factual allegations to suggest that the representative of the Estate was improperly appointed. Moreover, Nin fails to allege any facts to support her claim that LCCYS should have known that the representative did not adequately represent Cecilia's interests before releasing the medical information to the representative.

Additionally, although Nin has added allegations to support a claim that the disclosure of medical information implicated her and her daughter's constitutional right to privacy, Nin has still failed to plead "how Cecilia's posthumous interest in the confidentiality of her medical records cannot be vindicated by the current representative of Cecilia's estate, or how Defendants' training programs or policies actually caused the alleged violation of Cecilia's [or Kareliz's] privacy rights." (Doc. 51, at 22-23). Nin alleges that because Estate Counsel and the Representative, by being able to represent the Estate of Cecilia, "have greatly benefited from the illegal and unauthorized dissemination of information" (Doc. 53, at ¶ 141), they are "therefore not in a position to properly vindicate Cecilia's posthumous interest in the confidentiality of her medical records, as doing so would undermine their appointment in the first place" (*id.* at ¶ 143). However, these allegations are entirely conclusory and illogical, even when construed liberally.

As such, the Court reiterates its statement made when dismissing Plaintiff's previous Complaint:

> Without non-conclusory allegations addressing the requisite elements of a failure-to-train claim, such as the existence of a constitutional interest possessed by Plaintiff; the existence of an inadequate policy or custom maintained by Defendants; a pattern of similar constitutional violations or a

single-incident injury that was a highly predictable consequence of the failure to train; or a causal link between the constitutional violation and Defendants' actions, Plaintiff has failed to adequately plead a Section 1983 claim.

(Doc. 51, at 23). Here, the Second Amended Complaint still does not clearly address these requisite elements. Instead, it is comprised of a number of conclusory allegations that are devoid of *any* factual basis.[1]

Finally, Nin is also put on notice that she must cure any other deficiencies to the extent that she has stated any other claims. Nin has made allegations involving LCCYS's understaffing (Doc. 53, at ¶¶ 102-110), but has failed to properly set forth facts connecting these allegations to a policy or custom that LCCYS may have failed to implement which may amount to deliberate indifference. Additionally, Nin has alleged that LCCYS violated her right to be an integral part of her other two children's lives (*see, e.g., id.* at ¶¶ 118, 121(e), 126) but again fails to show how this injury is related to any policy or lack thereof that amounted to deliberate indifference. Even read in the light most favorable to Nin, the relevance of those other allegations is entirely unclear. At this time, the only coherent claim set forth in the Second Amended Complaint relates to the alleged violation of Nin and her daughter's constitutional rights to privacy, a claim which has not been sufficiently pled.

Accordingly, the Second Amended Complaint will be dismissed without prejudice for failure to state a claim because the Plaintiff has still not cured her Complaint of the

---

[1] For example, the Court notes that the following allegations of Plaintiff's Second Amended Complaint (Doc. 53) are lacking in supportive factual allegations and/or are pure conclusions of law: ¶¶ 39, 40, 41, 44, 46, 48, 49, 57, 58, 62, 63, 64, 72, 80, 83, 85, 88, 89, 91, 93, 94, 95, 115, 118, 119, 120, 122, 123, 124, 125, 127, 128, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143.

11

deficiencies that this Court previously highlighted and has also set forth herein.

Under FED. R. CIV. P. 1, the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." It is clear from the parties' submissions to this Court that neither party understood what the Court directed the parties to do. Consequently, the Court is left in a posture where Plaintiff's Second Amended Complaint failed to remedy the deficiencies contained in the First Amended Complaint and the parties' briefing on the pending motion to dismiss further failed to properly address the legal sufficiency of the allegations in Plaintiff's Second Amended Complaint. The Court fully expected that given its prior opinion, Plaintiff would meet the standard set forth under *Twombly* and *Iqbal*, or alternatively, to the extent that Defendants were of the view that the Complaint did not meet those standards, Defendants would show, citing specific applicable law, the grounds on which the Second Amended Complaint was legally and factually insufficient. Nonetheless, neither party has met those expectations. Accordingly, in the interest of providing Plaintiff a final opportunity to set forth a properly pleaded Complaint and providing Defendants an opportunity to adequately address Plaintiff's Complaint, the Court will instruct Plaintiff to cure her Complaint of the deficiencies set forth in this opinion. *See Shine v. Bayonne Bd. of Educ.*, 633 F. App'x 820, 822 (3d Cir. 2015) ("While leave to amend should be granted freely, a court may deny a motion to amend where there is 'undue delay, bad faith or dilatory motive on the part of the movant, *repeated failure to cure deficiencies by amendments previously allowed*,

undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added)).

V. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Second Amended Complaint (Doc. 57) will be granted. A separate Order shall issue.

Robert D. Mariani
United States District Judge